THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ A. RIVERA RAMOS,

     **Plaintiff,**

     v.

COMMISSIONER OF SOCIAL
SECURITY,

     **Defendant.**

**CIVIL NO.** 10-1220(JAG)

**OPINION AND ORDER**

GARCÍA-GREGORY, D.J.

Pending before the Court is José A. Rivera Ramos's ("Plaintiff") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket No. 22). For the reasons outlined below, the motion is hereby **GRANTED**.

**BACKGROUND**

On March 9th, 2010, Plaintiff filed a complaint pursuant to section 205(g) of the Social Security Act ("SSA"), 42 U.S.C. 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") determination that he is not disabled under sections 216(i) and 223 of the SSA, 42 U.S.C. §§ 416(i), 423. (Docket No. 2, p. 1). The Court referred the matter to Magistrate Judge Bruce J. McGiverin. (Docket No. 13, 16). The

CIVIL NO. 10-1220(JAG)                                    2

Court adopted the Magistrate Judge's Report and Recommendation, vacated the Commissioner's decision denying benefits, and remanded the case to the agency for further proceedings. (Docket No. 20, p. 2). More specifically, the Court remanded for the taking of testimony from a vocational expert regarding the impact of Plaintiff's non-exertional physical limitations on the occupational base for medium work. (Id.). A final judgment was entered on April 4, 2011, pursuant to the Court's Memorandum and Order. (Docket No. 21). Plaintiff prays that the Court award him attorney's fees in the amount of $4,232.46 for the district court proceedings. (Docket No. 22, p. 3). He contends he is entitled to such an award pursuant to the EAJA, 28 U.S.C. § 2412(d). (Docket No. 22-2, p. 1). The Commissioner has not filed an opposition to Plaintiff's request.

**DISCUSSION**

The EAJA provides in relevant part:

[A] court shall award to a prevailing party other than the United States fees and other expenses… incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of

-2-

CIVIL NO. 10-1220(JAG)                                                    3

>    the United States was substantially justified or that
>
>    special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Plaintiff maintains that he is a prevailing party within the meaning of the above-quoted section of the EAJA, 28 U.S.C § 2412. (Docket No. 22, p. 2). Furthermore, he asserts that the position of the Commissioner was not substantially justified. (Id.).

## 1.    Prevailing Party Status

A party requesting attorney's fees pursuant to the EAJA must meet the threshold requirement that he be a "prevailing party." 28 U.S.C. § 2412(d)(1)(A). In Buckhannon Board & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., the Supreme Court established that a party has prevailed when there is both (1) a "change in the legal relationship of the parties" and (2) a "judicial *imprimatur* on the change."[1] 532 U.S. 598, 605 (2001); see also Smith, 401 F.3d at 22 (holding that a settlement agreement entered into voluntarily lacked sufficient judicial *imprimatur*). In other words, the alteration of the parties' relationship must be "judicially sanctioned…." Buckhannon, 532

---

[1] Although this case involved the Federal Housing Amendments Act of 1988 and the Americans with Disabilities Act of 1990, the reasoning applies "generally to all fee-shifting statutes that use the prevailing party terminology." Aronov v. Napolitano, 562 F.3d 84, 89 (1st Cir. 2009) (internal quotation marks omitted) (quoting Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 22 n. 8 (1st Cir. 2005)).

CIVIL NO. 10-1220(JAG)                                                          4

U.S. at 605. The Supreme Court described two situations that
meet the judicial *imprimatur* requirement. Id. In a case in which
the party has "receive[d] at least some relief on the merits of
his claim," the second prong is satisfied. Id. (internal
quotation marks omitted) (quoting Hanrahan v. Hampton, 446 U.S.
754, 757 (1980)). Similarly, when there is a "settlement
agreement enforced through a consent decree," the change in the
relationship counts as judicially sanctioned. Buckhannon, 532
U.S. at 605; see also Hutchinson v. Patrick, 636 F.3d 1, 10 (1st
Cir. 2011); Aronov, 562 F.3d at 88-89 (holding that the order
remanding applicant's case did not satisfy the judicial
*imprimatur* requirement because it merely recognized what the
government had already voluntarily agreed to do).

     Section 205(g) of the SSA, 42 U.S.C. 405(g), authorizes
district courts to remand a final decision of the Commissioner
in one of two ways: pursuant to the fourth sentence or under the
sixth sentence of that section.[2] Sullivan v. Finkelstein, 496

_____

[2] 42 U.S.C. 405(g) reads:
Judicial review
Any individual, after any final decision of the Commissioner of
Social Security made after a hearing to which he was a party,
irrespective of the amount in controversy, may obtain a review
of such decision by a civil action commenced within sixty days
after the mailing to him of notice of such decision or within
such further time as the Commissioner of Social Security may
allow. Such action shall be brought in the district court of the
United States for the judicial district in which the plaintiff
resides, or has his principal place of business, or, if he does

CIVIL NO. 10-1220(JAG)                                              5

U.S. 617, 625 (1990); see also Melkonyan v. Sullivan, 501 U.S.

89, 100 (1991); Seavey v. Barnhart, 276 F.3d 1, 8 (1st Cir.

2001). The fourth sentence states in relevant part that "[t]he

not reside or have his principal place of business within any
such judicial district, in the United States District Court for
the District of Columbia. As part of the Commissioner's answer
the Commissioner of Social Security shall file a certified copy
of the transcript of the record including the evidence upon
which the findings and decision complained of are based. The
court shall have power to enter, upon the pleadings and
transcript of the record, a judgment affirming, modifying, or
reversing the decision of the Commissioner of Social Security,
with or without remanding the cause for a rehearing. The
findings of the Commissioner of Social Security as to any fact,
if supported by substantial evidence, shall be conclusive, and
where a claim has been denied by the Commissioner of Social
Security or a decision is rendered under subsection (b) of this
section which is adverse to an individual who was a party to the
hearing before the Commissioner of Social Security, because of
failure of the claimant or such individual to submit proof in
conformity with any regulation prescribed under subsection (a)
of this section, the court shall review only the question of
conformity with such regulations and the validity of such
regulations. The court may, on motion of the Commissioner of
Social Security made for good cause shown before the
Commissioner files the Commissioner's answer, remand the case to
the Commissioner of Social Security for further action by the
Commissioner of Social Security, and it may at any time order
additional evidence to be taken before the Commissioner of
Social Security, but only upon a showing that there is new
evidence which is material and that there is good cause for the
failure to incorporate such evidence into the record in a prior
proceeding; and the Commissioner of Social Security shall, after
the case is remanded, and after hearing such additional evidence
if so ordered, modify or affirm the Commissioner's findings of
fact or the Commissioner's decision, or both, and shall file
with the court any such additional and modified findings of fact
and decision, and, in any case in which the Commissioner has not
made a decision fully favorable to the individual, a transcript
of the additional record and testimony upon which the
Commissioner's action in modifying or affirming was based. Such
additional or modified findings of fact and decision shall be
reviewable only to the extent provided for review of the
original findings of fact and decision.

CIVIL NO. 10-1220(JAG)                                              6

court shall have power to enter… a judgment affirming, modifying, or reversing the decision of the Commissioner [], with or without remanding the cause for a rehearing." 42 U.S.C. 405(g). The Supreme Court concluded that, "although the fourth sentence clearly foresees the possibility that a district court may remand a cause to the [Commissioner] for rehearing [], nonetheless such a remand order is a 'judgment' in the terminology of § 405(g)." Finkelstein, 496 U.S. at 625. Judgments are final though reviewable as in other civil actions. Id. (citing 42 U.S.C. 405(g)).

Sentence six, on the other hand, provides in pertinent part:

> The court may, on motion of the Commissioner [] made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner [] for further action… and it may at any time order additional evidence to be taken before the Commissioner [], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. 405(g). Under sentence six, the district court retains jurisdiction over the case and "contemplates entering a final

CIVIL NO. 10-1220(JAG)                                              7

judgment    following    the    completion    of    administrative
proceedings….” Melkonyan, 501 U.S. at 97.

     In Shalala v. Schaefer the Supreme Court held that, in the
case  of  sentence-four  remand  orders,  the  period  for  filing  a
request  of  fees  pursuant  to  the  EAJA  begins  to  run  as  soon  as
that  judgment  is  no  longer  appealable.  509  U.S.  292,  298  (1993).
Accordingly,  the  Court  concluded  that  “a  party  who  wins  a
sentence-four  remand  order  is  a  prevailing  party,”  meeting  the
requirement  that  he  receive  “some  of  the  benefit…  sought  in
bringing  suit.”  Id.  at  302  (internal  quotation  marks  omitted)
(quoting  Tex.  State  Teachers  Ass’n  v.  Garland  Indep.  Sch.  Dist.,
489  U.S.  782,  791-92  (1989).  See  also  Santiago-Aybar  v.  Comm'r
of  Soc.  Sec.,  545  F.  Supp.  2d  231,  236  (D.P.R.  2008).

     Although  in  this  case  the  Court  did  not  explicitly  enter
its  judgment  pursuant  to  either  sentence  four  or  sentence  six  of
section  205(g)  of  the  SSA,  42  U.S.C.  405(g),  the  remand  order
meets  the  requirements  of  sentence  four  only.  The  Court  did  not
retain  jurisdiction  over  the  case,  effectively  “terminat[ing]
the  [district  court]  civil  action  challenging  the
[Commissioner’s]  final  determination  that  [Plaintiff]  was  not
entitled  to  benefits,  [and]  set[ting]  aside  that
determination….”  Finkelstein,  496  U.S.  at  625.  Furthermore,  the
Commissioner  did  not  move  to  remand  the  case  before  filing  his

answer. (Docket No. 8). Rather, the Court adopted the Magistrate Judge's Report and Recommendation. (Docket Nos. 20-21). Nor was there a showing of good cause "for the failure to incorporate [material] evidence into the record in [the] prior proceeding" pursuant to the sixth sentence of 42 U.S.C. 405(g). (Docket No. 8). Therefore, we agree with Plaintiff's suggestion that the remand order in this case was a sentence-four remand. (Docket No. 22, p. 2). Under Schaefer, the Court holds that Plaintiff has prevailing party status within the meaning of the EAJA, 28 U.S.C. § 2412(d)(1)(A). 509 U.S. at 302.

### 2. Substantially Justified Government Action

A claimant is entitled to an award of attorney's fees "unless the court finds that the position of the United States was substantially justified…." 28 U.S.C. § 2412(d)(1)(A). For an action of the government to be substantially justified, "it [must] ha[ve] a reasonable basis in law and fact." Aronov, 562 F.3d at 94 (citing Pierce v. Underwood, 487 U.S. 552, 566 n. 2 (1988)). That is, "the test is whether a reasonable person could think the agency position is correct." Id. Importantly, the burden falls on the government to show that its actions were substantially justified within the meaning of the EAJA. Schock v. United States, 254 F.3d 1, 5 (1st Cir. 2001).

CIVIL NO. 10-1220(JAG)                                                        9

    In <u>Saysana v. Gillen</u>, the First Circuit listed some "rules
of analysis" to help with this inquiry. 614 F.3d 1, 5 (1st Cir.
2010) (citing <u>Schock</u>, 254 F.3d at 5). One such rule is that
courts "must examine 'the actual merits of the government's
litigation position as to both the facts and the law.'" <u>Saysana</u>,
614 F.3d at 5 (quoting <u>Pierce</u>, 487 U.S. at 568-69). Furthermore,
"even if a court ultimately determines the agency's reading of
the law was not correct," the government's conduct can qualify
as substantially justified. <u>Saysana</u>, 614 F.3d at 5 (citing
<u>Aronov</u>, 562 F.3d at 94 (citing <u>Pierce</u>, 487 U.S. at 566 n. 2)).
Finally, with regard to defining the scope of the position of
the United States, the Supreme Court has said that "[w]hile the
parties' postures on individual matters may be more or less
justified, the EAJA… favors treating a case as an inclusive
whole, rather than as atomized line-items." <u>Saysana</u>, 614 F.3d at
5 (citing <u>Comm'r, I.N.S. v. Jean</u>, 496 U.S. 154, 161-62 (1990)).

    Because the burden to show substantial justification falls
on the government, and the burden was not met, the Court finds
that the Commissioner's position was not substantially
justified. In his Report and Recommendation, which was adopted
by the Court, the Magistrate Judge found that the Administrative
Law Judge ("ALJ") "was not justified in finding that [Plaintiff]
could do a full range of medium work despite [his] non-

CIVIL NO. 10-1220(JAG)                                          10

exertional physical restrictions." (Docket No. 16, p. 21; Docket
No. 20). More specifically, the ALJ did not consider whether
Plaintiff's restrictions with regard to frequently stooping and
crouching affect the medium work occupational base. (Docket No.
16, p. 20). Hence, the Magistrate Judge recommended that the
case be remanded for the taking of live vocational expert
testimony on this matter. (Id., p. 21). Nevertheless, that the
ALJ was incorrect in making this particular determination does
not mean that the government's position was not substantially
justified. Saysana, 614 F.3d at 5. Rather, what settles the
inquiry is the Commissioner's failure to carry his burden to
show that his actions were substantially justified within the
meaning of the EAJA. Schock, 254 F.3d at 5. To begin with, the
Commissioner did not file a memorandum in opposition to
Plaintiff's Motion for Attorney's Fees. (Docket No. 22).
Secondly, in the district court proceedings reviewing the denial
of benefits, the Commissioner also failed to file a memorandum
of law in support of his answer to Plaintiff's complaint, even
after being granted an extension of time by the Court. (Docket
Nos. 12, 18-19). Lastly, the Commissioner never filed objections
to the Magistrate Judge's Report and Recommendation. (Id.).
Because the Commissioner failed to respond to Plaintiff's Motion
for Attorney's Fees, he did not satisfy his burden to show
substantial justification. Therefore, the Court finds that the

CIVIL NO. 10-1220(JAG)                                              11

Commissioner's position was not substantially justified in this case. Schock, 254 F.3d at 5.

### 3.   Amount of Fees

With regard to the computation of fees, the EAJA states in relevant part:

> "[F]ees and other expenses" includes… reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that… attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C.A. § 2412(d)(2)(A). See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002). Although generally fees are not to exceed the rate of $125 per hour, courts have authority to determine that an increase is warranted, based on the cost of living or another special factor. See Sierra Club v. Sec'y of Army, 820 F.2d 513, 523 (1st Cir. 1987); see also Santiago-Aybar, 545 F. Supp. 2d at 237 (awarding higher attorney's fees in view of the rate of inflation). Furthermore, a prevailing party can recover

CIVIL NO. 10-1220(JAG)                                              12

fees related to the attorney's work on the fee application itself. McDonald v. Sec'y of Health & Human Servs., 884 F.2d 1468, 1480-81 (1st Cir. 1989).

Plaintiff here requests that the $125 per hour limit be raised as follows: for work performed during the year 2010, Plaintiff requests attorney's fees at the rates of $178.75 for core legal work, $133.25 for intermediate legal work, and $89.00 for non-core legal work. (Docket No. 22-2, p. 9). Likewise, for work performed during the year 2011, Plaintiff requests attorney's fees at the rates of $181.75 for core legal work, $135.50 for intermediate legal work, and $90.50 for non-core legal work. (Id.). The increases are asked for in line with the rise in the cost of living, which was calculated as per the Bureau of Labor Statistics for Region II's published Consumer Price Index ("CPI") figures. (Id., pp. 6-7).

However, this Court shall calculate the appropriate hourly fee by multiplying the cost of living increase by the $125 per hour statutory cap. Based on the CPI figures provided by the Bureau of Labor Statistics, since 1996 the cost of living had risen 43.92% in 2010 and 46.2% in 2011. Bureau of Labor Statistics Data, CPI Detailed Report Data for January 2010 71 (Malik Crawford, Sanjeev Katz & Andrew Mauro eds., 2010), http://www.bls.gov/cpi/cpid1001.pdf; Bureau of Labor Statistics Data,

CPI Detailed Report Data for January 2011 61 (Malik Crawford, Andrew Mauro & Jonathan Church eds., 2011), http://www.bls.gov/cpi/cpid1101.pdf. See also United States v. Cacho-Bonilla, 206 F. Supp. 2d 204, 210 (D.P.R. 2002) (using CPI figures as the measure of cost of living increase for the purposes of an attorney's fees award pursuant to the EAJA). Therefore, the appropriate adjusted rates are $179.90 per hour and $182.75 per hour for 2010 and 2011, respectively. Plaintiff's counsel worked a total of 20 hours in 2010 and 3.5 hours in 2011.[3] (Docket No. 22-3). Thus, in light of there being no objection from the Commissioner, the Court grants Plaintiff's request to increase the statutory $125 cap to account for the cost of living, finds a total of 23.5 hours as a reasonable amount of time expended by Plaintiff's attorney on the district

---

[3] According to counsel's itemized statement of time expended, (Docket No. 22-3), he worked a total of 21.6 hours in 2010 and 4.8 hours in 2011. However, the Court finds it appropriate to reduce the amount of hours in the submitted timesheet. The Court reduced counsel's entries in 2010 by 1.6 hours and his entries in 2011 by 1.3 hours. The rationale for this reduction is that counsel has an overwhelming amount of entries that indicate 0.1 hours of work for time spent opening the docket each time a new motion was filed. The Court finds these entries to be excessive and inappropriate. Similarly, the Court finds that the entry that indicates 0.3 hours of work for time spent drafting a five line letter, as well as the entry that indicates 0.3 hours of work for time spent reading a two page long order, are excessive and should also be eliminated. See, e.g., Rivera-Quintana v. Comm'r of Soc. Sec., 692 F. Supp. 2d 223, 228 (D.P.R. 2010) (reducing an EAJA fees award after finding as unreasonable the amount of time counsel spent reviewing documents).However, the Court is eliminating from the calculation all entries of 0.1 hours.

**CIVIL NO.** 10-1220(JAG)                                                      14

court proceedings and the fee application, and awards attorney's fees in the total amount of $4,237.63, representing a payment of $3,598.00 for hours worked in 2010 and a payment of $639.63 for hours worked the following year.

The Court notes that, while his Motion for Attorney's Fees was successful, Plaintiff's failure to cite to relevant First Circuit precedent in the Memorandum of Law in Support of Motion for Attorney's Fees, his reliance on <u>Weston v. Cushing</u>, 45 Vt. 531 (1873), as well as his carelessness in following basic rules of citation, are all instances of very poor legal research. Plaintiff's counsel is advised to take the necessary steps to remedy these inadequacies in future filings submitted to this Court.

<b>CONCLUSION</b>

For the reasons stated above, Plaintiff's motion for attorney's fees, (Docket No. 22), is hereby **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 5th day of July, 2012.

                                    S/ Jay A. García-Gregory
                                    JAY A. GARCÍA-GREGORY
                                    United States District Judge